IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

LIBERTY MUTUAL INSURANCE
COMPANY,
    Plaintiff,

v().                                                Civil Action No. 3:25cv603 (DJN)

HOPEMAN BROTHERS, INC., *et al.*,
    Defendants.

## MEMORANDUM ORDER
### (Adopting Report and Recommendation)

In this action, Movant Liberty Mutual Insurance Company ("Liberty Mutual") asks this Court to withdraw the reference with respect to an adversary proceeding filed by Liberty Mutual against Hopeman Brothers, Inc. ("Hopeman") and various creditors and claimants (Adv. Pro. No. 25-03020-KLP ("Proceeding")). This matter comes before the Court on Respondent Official Committee of Unsecured Creditors of Hopeman Brothers, Inc.'s (the "Committee") Objection[1] (ECF No. 5 ("Objection" or "Obj.")) to the Report and Recommendation submitted by United States Bankruptcy Judge Keith L. Phillips on August 29, 2025, (ECF No. 9 (the "R&R")), which recommends that the Court grant Liberty Mutual's Motion to Withdraw the Reference (ECF No. 1 ("Motion")). For the reasons set forth below, the Court OVERRULES the Committee's Objection (ECF No. 5), GRANTS Liberty Mutual's Motion to Withdraw the Reference (ECF No. 1) and ADOPTS the Report and Recommendation of the Bankruptcy Judge (ECF No. 9).

---

[1]     Several groups of claimants named as defendants in the underlying adversary proceeding have filed joinder notices, whereby these defendants have joined in, adopted and incorporated by reference the Committee's Objection currently before the Court. (ECF Nos. 6, 7.)

## I. BACKGROUND

This action stems from the Chapter 11 bankruptcy proceedings of Hopeman Brothers, Inc., a company that provided marine joiner services for shipbuilders. (ECF No. 1-2 at 18–19;) *In re Hopeman*, Case No. 24-32428 (Bankr. E.D. Va. June 30, 2024). In the present adversary proceeding, Plaintiff Liberty Mutual, which provided different types of asbestos-related insurance policies to Hopeman, seeks a declaratory judgment that a 2003 settlement agreement between itself and Hopeman extinguished any further obligations in conjunction with asbestos-related claims arising from Hopeman's past actions or omissions.[2] (R&R at 2–4.)

Liberty Mutual filed the instant Motion on May 23, 2025. (ECF No. 1.) Hopeman, the Committee, Huntington Ingalls Industries, Inc., Marla Rosoff Eskin, Esq. (in her capacity as the future claimants' representative) and certain other claimants each filed objections to the Motion. (ECF No. 1-2 at 37–70.) Liberty Mutual filed its omnibus reply to these objections on July 21, 2025. (*Id.* at 72–89.)

This matter was reassigned to the undersigned on August 6, 2025. (ECF No. 3.) The Court subsequently referred Liberty Mutual's Motion to United States Bankruptcy Judge Keith L. Phillips for proposed findings of fact and conclusions of law. (ECF No. 4.)

On August 29, 2025, Judge Phillips entered his R&R, in which he recommends that the Court grant Liberty Mutual's Motion and withdraw the reference as to the underlying adversary proceeding. (ECF No. 9.) On September 12, 2025, the Committee filed its Objection. (ECF No. 5 ("Objection" or "Obj.").) Liberty Mutual filed a response to the Committee's Objection on

---

[2] For a more detailed account of the underlying facts, the Court refers the reader to Judge Phillips's Report. (R&R at 2–4.)

2

September 26, 2025, (ECF No. 10), and the Committee filed a reply on October 2, 2025, (ECF No. 11), rendering the R&R and the Objection ripe for the Court's review.

## II. LEGAL STANDARD

Federal district courts exercise "original and exclusive jurisdiction of all cases" under the Bankruptcy Code. 28 U.S.C. § 1334(a). District courts may refer all bankruptcy matters to bankruptcy judges, which this District has done as a matter of course since 1984. 28 U.S.C. § 157(a); *see In the Matter of: The Administration of the Bankruptcy Courts and Reference of Bankruptcy Cases and Proceedings to the Bankruptcy Judges of this District* (E.D. Va. Aug. 15, 1984) (Standing Order referring all bankruptcy matters to Bankruptcy Court). However, district courts may, and sometimes must, withdraw the reference of such proceedings in whole or part. 28 U.S.C. § 157(d). "Bankruptcy law provides two avenues by which a district court can order a case withdrawn from the bankruptcy court: mandatory withdrawal or permissive withdrawal." *Shaia v. Malone*, 2017 WL 4203544, at *3 (E.D. Va. Sept. 21, 2017) (citing 28 U.S.C. § 157(d)). The district court must withdraw the reference when "resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." 28 U.S.C. § 157(d). Alternatively, the district court may withdraw the reference for "cause shown." *Id.* A party moving the district court to withdraw a matter filed in an underlying bankruptcy action bears the burden of demonstrating the appropriateness of withdrawal — whether mandatory or discretionary. *TRU Creditor Litig. Tr. v. Brandon*, 2022 WL 1494718, at *4 (E.D. Va. May 11, 2022).

While 28 U.S.C. § 157(d) allows discretionary withdrawal "for cause shown," the statute does not define "cause." 28 U.S.C. § 157(d). Courts in this district weigh six factors in

3

determining whether cause exists to withdraw the reference. *TRU Creditor Litig. Tr.*, 2022 WL 1494718 at *4. These factors include:

    (i)      whether the proceeding is core or non-core;
    (ii)     the uniform administration of bankruptcy proceedings;
    (iii)    expediting the bankruptcy process and promoting judicial economy;
    (iv)    the efficient use of debtors' and creditors' resources;
    (v)     the reduction of forum shopping; and
    (vi)    the preservation of a right to a jury trial.

*Id.* Although some courts place great weight on the core / non-core factor, "[t]he better view is that discretionary withdrawal of reference should be determined on a case-by-case basis by weighing all the factors presented in a particular case, including the core/non-core distinction." *Shaia*, 2017 WL 4203544 at *4 (internal quotations omitted). If the district court determines that the balance of factors indicates that the interests of justice and judicial economy favor litigation in the district court, the district court should exercise its discretionary power of withdrawal. *TRU Creditor Litig. Tr.*, 2022 WL 1494718 at *5; *see also Chesapeake Tr. v. Chesapeake Bay Enters., Inc.*, 2014 WL 202028, at *4 (E.D. Va. Jan. 17, 2014) (same).

      Federal Bankruptcy Rule 9033(c) sets forth the standard for this Court to apply when reviewing objections to a Bankruptcy Court's proposed findings of fact and conclusions of law. Under that rule, the district judge "must review *de novo* — on the record or after receiving additional evidence — any part of the bankruptcy judge's findings of fact or conclusions of law to which specific written objection has been made [in accordance with this rule]." Fed. R. Bankr. P. 9033(c)(1). Upon such review, the Court "may accept, reject, or modify the proposed findings of fact or conclusions of law, take additional evidence, or remand the matter to the bankruptcy judge with instructions." Fed. R. Bankr. P. 9033(c)(2).

### III. ANALYSIS

The Committee raises four objections to Judge Phillips's R&R and its assessment of the relevant factors concerning "cause" for withdrawal. First, the Committee argues that Judge Phillips's finding that "[n]o party contests that the Adversary Proceeding concerns a non-core claim" is incorrect, since the Committee disputes the Court's subject matter jurisdiction over the underlying proceeding. (Obj. at 6–8.[3]) Relatedly, the Committee also objects to Judge Philips's finding that the non-core claim at issue here weighs in favor of withdrawal. (*Id.*) Second, the Committee argues that Judge Phillips's analysis of the jury trial factor was incorrect on two fronts: both as to (1) his overall finding that this factor remained "neutral" in his analysis, since in the Committee's telling, any "neutral" factor should actually weigh *against* Liberty Mutual's Motion, and (2) his finding that the jury trial factor was premature and did not weigh in favor of or against withdrawal at this point, when, in the Committee's view, the Bankruptcy Court's ability to continue managing pre-trial matters before the proceeding becomes "trial ready" actually weighs *against* withdrawal. (*Id.* at 8–9.) Third, the Committee disagrees with Judge Phillips's finding that the forum-shopping factor should also be considered "neutral," since one defendant did, in fact, allege forum shopping, and since Liberty Mutual has not met its burden to show that withdrawal of the reference would discourage forum shopping. (*Id.* at 10–11.) And finally, the Committee argues that Judge Phillips incorrectly assessed the remaining factors (the uniform administration of bankruptcy proceedings, judicial economy and efficient use of debtor and creditor resources) as either neutral or weighing in favor of withdrawal, since the Bankruptcy Court "is up to speed and has the comprehensive perspective to [uniformly]

---

[3]     The Court employs the pagination assigned to all filings by the CM/ECF system.

5

administer" the proceedings, and since all pending motions to dismiss have already been fully briefed and argued before that court. (*Id.* at 11–13.)

Following *de novo* review of Liberty Mutual's Motion and the relevant filings by all parties, and for the reasons set forth below, the Court accepts Judge Phillips's R&R and overrules the Committee's objections.

The Court begins by addressing the Committee's somewhat puzzling argument, presented repeatedly throughout its filings and specifically underpinning several of its objections to Judge Phillips's findings, that a finding of "neutral" on any given factor in the court's withdrawal analysis actually weighs *against* granting Liberty Mutual's Motion. The Committee's assertion appears to rest on its (correct) statement that Liberty Mutual, as movant, bears the burden of establishing "cause" for discretionary withdrawal of the reference. (Obj. at 8;) *see Shaia*, 2017 WL 4203544 at *3 ("The burden of demonstrating the appropriateness of withdrawal — whether mandatory or discretionary — rests with the movant"). However, the Committee appears to imply that this burden attaches to each factor individually, and that unless a movant "carr[ies] its burden *on all six factors*," the district court must deny a motion to withdraw. (Obj. at 6 (emphasis added).) The Committee misstates the nature of the Court's inquiry and Liberty Mutual's burden. Rather, as Judge Phillips correctly points out, the inquiry is holistic and looks to all six factors, with no single factor controlling, and requires determination "on a case-by-case basis by weighing *all* the factors presented in a particular case." (R&R at 5;) *In re U.S. Airways Grp.*, 296 B.R. 673, 682 (E.D. Va. 2003) (emphasis added); *ULX Partners, LLC v. Tavenner*, 2021 WL 2188955, at *6 (E.D. Va. May 28, 2021) ("If the district court determines that the *balance of factors* indicate that the interests of justice and judicial economy favor litigation in the district court, the district court should exercise its discretionary power of withdrawal.")

(emphasis added). While a finding of "neutral" on *all six* factors would constitute a failure to satisfy the movant's burden and establish "cause," a finding that any *individual* factor weighs neutrally does not warrant outright rejection of the Motion, nor does such a neutral factor independently weigh against the movant. To the extent that the Committee's objections to Judge Phillips's R&R rest on this faulty reimagination of Liberty Mutual's burden, the Court overrules any such objection.

The Court next addresses the Committee's specific objection concerning Judge Phillips's finding related to the core / non-core factor. The Committee objects to Judge Phillips's finding that "[n]o party contests that the Adversary Proceeding concerns a non-core claim," a finding that would support withdrawal. (R&R at 7.) The Committee argues that this finding is incorrect based on Judge Phillips's failure to address the "threshold jurisdictional issue" previously raised by the Committee. (Obj. at 7.) In support, the Committee cites earlier briefing where it argues that the Court lacks subject matter jurisdiction over the adversarial proceeding, because Liberty Mutual fails to establish that its claim is "related to" a case under Title 11. (*Id.* at 6.) The Committee argues that, because it disputes the Court's subject matter jurisdiction over the claim, whether Liberty Mutual's claim qualifies as "core" or "non-core" necessarily remains disputed as well. (*Id.* at 6.) On that basis, the Committee asserts that this Court should reject Judge Phillips's finding that Liberty Mutual's claim is undisputedly non-core and should find that this factor weighs against withdrawal of the reference, not for it. (*Id.* at 8.)

The Court finds the Committee's objection to lack merit, because it misreads Judge Phillips's finding and conflates two separate issues, only one of which stands relevant to the present inquiry. First, the Court agrees with Judge Phillips's finding that the instant action involves only a non-core claim. As Judge Phillips accurately explains, Liberty Mutual seeks to

7

resolve a dispute surrounding pre-bankruptcy agreements between itself and Hopeman, and its claim addresses potential obligations that remain independent from the underlying bankruptcy proceeding. (R&R at 7.) Tellingly, Hopeman's own briefing arrives at the same conclusion. (ECF No. 1-2 at 57.) As is evident from his Report, Judge Phillips's assessment focuses solely on the question of whether Liberty Mutual's claim, by itself, qualifies as core or non-core, without considering the separate question of whether the Court retains subject matter jurisdiction over the claim. (R&R at 8.) As such, the Court overrules the Committee's objection to Judge Phillips's finding that the non-core nature of Liberty Mutual's claim stands undisputed and that this finding weighs in favor of withdrawal.

Relatedly, the Committee also asks the Court to sustain its objection to Judge Phillips's finding that the core / non-core factor weighs in favor of withdrawal on the basis of its underlying challenge to the Court's jurisdiction, arguing that "[w]ithout a jurisdictional showing, this factor weighs *against* withdrawal of the reference." (Obj. at 8.) But as the Court noted above, the jurisdictional question is unrelated to Judge Phillips's finding that the claim at issue in this adversary proceeding is non-core and thus weighs in favor of withdrawal. Further, the Committee's jurisdictional arguments are not properly before the Court on a motion to withdraw the reference and have not been fully briefed. As such, the Court overrules the Committee's Objection on these grounds. However, the Committee reserves the right to raise this issue before the Court by motion, and the Court will consider the merits of the Committee's argument when fully briefed.

The Court turns next to the Committee's objection to Judge Phillips's finding concerning the jury trial factor. Because neither party has formally demanded a jury trial or refused to consent to a jury trial, Judge Phillips found that any assessments concerning the jury question

remain premature at this point, and that this factor thus neither weighs for nor against withdrawal. (R&R at 10.) Based on the procedural posture of this case, the Court agrees with Judge Phillips that this factor remains neutral at this juncture. While the Committee raises valid reasons supporting its assertion that withdrawal may not be necessary at the early stages of litigation, Judge Phillips correctly points out that the parties have not yet requested or opposed a jury trial in bankruptcy court. (*Id.* at 10.) As such, the Court agrees that assessing the merits of withdrawing the reference on the basis of jury trial considerations is premature at this stage, and that therefore, this factor weighs neither in favor nor against withdrawal of the reference at this time. The Court overrules the Committee's objection accordingly.

The Committee's objection concerning forum shopping similarly lacks merit. Assuming (without deciding) that the Court properly has subject matter jurisdiction over this dispute, and given that the parties have not consented to bankruptcy court jurisdiction, the Court would necessarily render the final decision in this adversarial proceeding, given the sole claim's non-core nature. *See Chesapeake Tr.*, 2014 WL 202028 at *1 (reaffirming that, in non-core matters, and in the absence of consent by the parties, "the bankruptcy court only recommends a decision to the district court, which must make the final decision."). Because the Court would eventually conduct *de novo* review of the Bankruptcy Court's adjudication of this dispute, any argument that withdrawing proceedings from Bankruptcy Court to the District Court at this juncture constitutes forum shopping fails to make logical sense. *Accord Everett v. Art Brand Studios, LLC*, 556 B.R. 437, 445–46 (N.D. Cal. 2016) ("In addition, the prevention of forum shopping is not a concern here as only this Court has the power to enter final judgment . . . . Therefore, even if the Bankruptcy Court were to adjudicate these claims, this Court would have to conduct de novo review to the extent that the losing party had any objections."). While the Committee

argues that Liberty Mutual fails to establish that withdrawal of the reference "would best discourage forum shopping," (Obj. at 11), it does not — and likely cannot — establish that withdrawal here would *encourage* such behavior. As such, the Court again agrees with Judge Phillips's assessment that this factor weighs neither in favor nor against withdrawal and overrules the Committee's objection accordingly.

The Court finally turns to the Committee's remaining objection to Judge Phillips's findings concerning the final three factors, which concern the effects of withdrawing the reference on the uniform administration of bankruptcy proceedings, judicial economy and the speed of the bankruptcy process, and the efficient use of debtor and creditor resources. Judge Phillips found that these factors collectively weigh in favor of withdrawal. (R&R at 10.) In so finding, Judge Phillips pointed to Hopeman's concession that withdrawal presents no risk of a negative impact on the uniform administration of this bankruptcy case, along with the Bankruptcy Court's inability to enter a final judgment in this non-core matter. (*Id.*) In his assessment, this latter fact suggests that withdrawal would streamline proceedings and thereby directly promote judicial economy. (*Id.*) The Committee objects to this finding, arguing that uniformity "would not be promoted by withdrawing the reference," since the Bankruptcy Court "is up to speed and has the comprehensive perspective to administer this Proceeding and others in Hopeman's case uniformly." (Obj. at 11.) The Committee also argues that, because the pending motions to dismiss Liberty Mutual's adversarial proceeding have been fully briefed and argued, withdrawal of the reference would have no streamlining or economizing effect. (*Id.* at 11–12.)

The Court agrees with Judge Phillips's assessment and finds the Committee's objection to lack merit. Judge Phillips's view that withdrawal is unlikely to negatively impact the uniform

administration of bankruptcy finds support in the fact that the issues underlying this adversarial proceeding appear entirely severable from the underlying bankruptcy proceeding and are thus unlikely to negatively affect the bankruptcy matter's administration in any way. Additionally, to the extent that Judge Phillips finds that these factors weigh in favor of withdrawal, the Court agrees that, considering the Bankruptcy Court's inability to ultimately render a final verdict in this matter, withdrawal of the reference supports judicial economy and saves the parties' resources by eliminating additional stages of briefing before the District Court can dispose of the underlying claim. As such, the Court agrees with Judge Phillips that withdrawal of this non-core proceeding will enhance the efficiency of proceedings without negatively affecting uniform administration of the bankruptcy matter and rejects the Committee's objection accordingly.

Having arrived at the same conclusions as Judge Phillips concerning the individual factors, the Court necessarily arrives at the same overall conclusion regarding the merits of Liberty Mutual's Motion. With the core / non-core factor weighing significantly in favor of withdrawal, and all remaining factors either weighing neutrally or, in the case of judicial efficiency, in favor of withdrawal, the Court finds that Liberty Mutual satisfies its burden of establishing cause for withdrawal of the reference under 28 U.S.C. § 157(d). As such, the Court agrees with Judge Phillips's recommendation to grant Liberty Mutual's Motion and rejects the Committee's objection to that recommendation.

## IV.   CONCLUSION

Upon performing its *de novo* review and for the reasons stated above, the Court hereby OVERRULES the Committee's Objection (ECF No. 5) and ORDERS the following:

1. The Report and Recommendation of the Bankruptcy Judge (ECF No. 9) is ACCEPTED and ADOPTED as the OPINION of the Court; and

2. Liberty Mutual's Motion for Withdrawal of the Reference (ECF No. 1) is hereby GRANTED.

Let the Clerk file this Order electronically and notify all counsel of record. The Court further DIRECTS the Bankruptcy Clerk to transfer the full record in the relevant adversary proceeding (Case No. 25-03020-KLP) to the District Court Clerk's Office.

It is so ORDERED.

/s/
David J. Novak
United States District Judge

Alexandria, Virginia
Dated: November 17, 2025